Herbert, J.,
dissenting. The summary-judgment statute, Section 2311.041 of the Revised Code, does not require or contain any provision for the use of a bill of exceptions on appeal from a summary judgment. This is disclosed quite clearly in subparagraph (B) of the statute where the following appears:
“* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *” (Emphasis added.)
This statute in plain language séts out the sole and only sources of evidence and information upon which a trial court may base a summary judgment.
It seems quite clear that it was the intent and purpose of the General Assembly not only to omit from the statute any reference to a bill of exceptions but to close the door of the trial court to the consideration of any other facet of information or evidence other than those set out in the statute. The purpose of the summary-judgment statute is to expedite litigation, not delay it, and to lessen the cost thereof, not increase it.
The documents set out in the statute become original papers for purposes of appeal.
Section 2505.08 of the Revised Code provides in its pertinent part as follows:
“* * * the clerk of the court from which the appeal is taken or a judge thereof, shall, upon being paid the lawful fees and the filing of a praecipe therefor, prepare and file in the court to which the appeal is taken, a transcript of the docket or journal entries, with such original papers or transcripts as are necessary to exhibit the error complained of. * * *” (Emphasis added.)
*172 Note that the documents and other source material specified in the summary-judgment statute, Section 2311.041, Revised Code, are further limited to those that “are necessary to exhibit the error complained of.”
There is no necessity in a summary-judgment proceeding for a bill of exceptions. There is no testimony to record, or objections or exceptions to be noted.
The transcript of docket and journal entries discloses the filing of the praecipe, referred to in Section 2505.0b of the Revised Code, as follows:
“In 1962, December 4, Praecipe filed. Please prepare a transcript of the docket, together with all original papers and journal entries and all papers to the Court of Appeals. (Duly certified.) ”
Under the provisions of Section 2505.08 of the Revised Code, a praecipe having been filed, it then became the mandatory duty of the clerk “or a judge” of the court to comply with the demand in the praecipe. The Clerk of the Court of Common Pleas in each county is also clerk of the Court of Appeals of such county. Section 2303.03 of the Revised Code.
In the instant case, all the documents that were before the Court of Common Pleas were also before the Court of Appeals and this court pursuant to the demand of ihe praecipe.
The per curiam opinion rests entirely upon the case of Smith v. Diamond Milk Products, Inc., 176 Ohio St., 143. The syllabus, in its applicable parts, provides:
“In a personal injury case, where the trial court grants summary judgment for the defendant upon the pleadings, affidavit and deposition * # * and no bill of exceptions is filed, the reviewing court must affirm the judgment of the trial court, for the reason that the revieiving court cannot be certain that it has before it on the record all the documents, papers, depositions, affidavits and admissions which the trial court had before it and considered in reaching a decision.” (Emphasis added.)
Even to intimate that a clerk of a court “ or a judge” thereof cannot be relied upon to perform the duties imposed upon either or both to preserve the integrity of judicial review is a cause of concern. The courts are clothed with ample statutory *173 power to insure ministerial verity in appellate proceedings.
The filing of the praecipe as provided in Section 2505.08 of the Revised Code insures the transmission of all essential documents to the Court of Appeals.
In a summary-judgment proceeding, there is not a trial, but a “hearing.” See Section 2311.041, Revised Code. The court must determine whether there is a genuine issue of fact —not make a determination of fact — and the court’s decision must rest upon specifically prescribed sources of evidence.
At the top of page 145 in the Smith case, it is said:
“In the ordinary civil case, depositions or affidavits relating to the facts in the case do not become a part of the record on appeal simply because they are filed in the court below. Depositions must be incorporated into a bill of exceptions to be brought on the record before the reviewing court. Knowlson v. Bellman, 160 Ohio St., 359.”
This is accomplished “in the ordinary civil case” by reading the deposition in open court during the trial and having it transcribed by the official court reporter as is done with the testimony of any other witness.
In Knowlson, the first paragraph of the syllabus states:
“Essentially, a bill of exceptions is a written statement of objections made and exceptions taken to a ruling, order or judgment of the trial court and which sets out those proceedings and acts of such court which are alleged to be erroneous.”
In marked contrast, in a summary-judgment proceeding the court is called upon to determine within the confines of narrowly restricted evidence, whether there is a genuine issue of fact, and no more, it is not an “ordinary civil case.”
It is clear that the trial court, the Court of Appeals and this court each had access to precisely the same evidentiary documents.
The Court of Appeals read the entire deposition, as well as other documents, and found that there was a genuine issue of fact. This court reversed the judgment of the Court of Appeals, not because its decision was erroneous, but solely because a bill of exceptions, not required by statute, was not filed.
The report of the case discloses that I concurred in the *174 opinion of Smith v. Diamond Milk Products, Inc., supra, but my notes show that I did so with great reluctance. Upon further study of the problem, it is my firm conclusion that a bill of exceptions is not required in summary-judgment appellate proceedings, and that Smith v. Diamond Milk Products, Inc., should be overruled, and the judgment of the Court of Appeals affirmed.